```
                          United States Bankruptcy Court
                            Northern District of Ohio
In re:                                                            Case No. 16-51395-amk
Melvin Joseph Fellhoelter                                         Chapter 13
Elizabeth Mary Fellhoelter
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0647-5          User: spete              Page 1 of 2          Date Rcvd: Jun 20, 2016
                              Form ID: pdf700          Total Noticed: 23
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 22, 2016.
```
db/db         +Melvin Joseph Fellhoelter,    Elizabeth Mary Fellhoelter,    930 Shorewood,
                Medina, OH 44256-1630
24366490      +Barclay's Bank of Deleware,    125 South West Street,    Wilmington, DE 19801-5014
24366491      +Capital One,    P.O. Box 6492,    Carol Stream, IL 60197-6492
24366492      +Card Services,    P.O. Box 13337,    Philadelphia, PA 19101-3337
24366493      +Comenity - Haband,    P.O. Box 659707,    San Antonio, TX 78265-9707
24366494      +Discover,    P.O.Box 742655,    Cincinnati, OH 45274-2655
24366495      +Dr. Littman c./o,    First Federal Credit Control,    24700 Chagrin Blvd.,    Suite 205,
                Beachwood, OH 44122-5662
24366496      +Dressbarn,    P.O. Box 182125,    Columbus, OH 43218-2125
24366497       Honda,    P.o. BOX 165398,    Irving, TX 75016
24366501      +Macy's,    P.O. Box 8113,    Mason, OH 45040-8113
24366504      +Pennymac Loan Services,    P.O. Box 514387,    Los Angeles, CA 90051-4387
24366506      +Sears Credit Cards,    P.O. Box 9001055,    Louisville, KY 40290-1055
24366509      +Verizon Wireless,    Attn: Recovery Dept,    1515 E. Woodfield Rd.,    Suite1400,
                Schaumburg, IL 60173-6046
24366511      +Wells Fargo,    P.O. Box 522,    Des Moines, IA 50306-0522
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
24366489      +E-mail/Text: ally@ebn.phinsolutions.com Jun 20 2016 22:09:58      Ally,    P.O.Box 380902,
                Minneapolis, MN 55438-0902
24366508       E-mail/Text: BankruptcyNotices@aafes.com Jun 20 2016 22:10:03      The Exchange,
                P.O. Box 740890,    Cincinnati, OH 45274
24366498       E-mail/Text: cio.bncmail@irs.gov Jun 20 2016 22:10:07      Internal Revenue Service,
                Kansas City, MO 64999
24366500      +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 20 2016 22:10:04      Kohl's,    P.O. Box 2983,
                Milwaukee, WI 53201-2983
24366502      +E-mail/Text: ext_ebn_inbox@navyfederal.org Jun 20 2016 22:12:23      Navy Federal Credit Union,
                P O Box 3500,    Merrifield, VA 22119-3500
24366503      +E-mail/Text: Bankruptcy.notices@tax.state.oh.us Jun 20 2016 22:12:02
                Ohio Department of Taxation,    Attn: Bankruptcy,    P O Box 530,    Columbus, OH 43266-0001
24366505      +E-mail/PDF: gecsedi@recoverycorp.com Jun 20 2016 22:07:58      Sam's Club/Synchrony,
                P.O. Box 530942,    Atlanta, GA 30353-0942
24366507      +E-mail/PDF: gecsedi@recoverycorp.com Jun 20 2016 22:07:58      Synchrony Bank,    P.O. Box 960061,
                Orlando, FL 32896-0061
24366510      +E-mail/PDF: gecsedi@recoverycorp.com Jun 20 2016 22:07:42      Walmart,    P.O.Box 965060,
                Orlando, FL 32896-5060
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24366499*        ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                   PHILADELPHIA PA 19101-7346
                 (address filed with court:   Internal Revenue Service,    Special Procedures Branch,
                   P O Box 21126,    Philadelphia, PA 19114)
                                                                                               TOTALS: 0, * 1, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2016                              Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 14, 2016 at the address(es) listed below:

    Carl G. Hiteman     on behalf of Debtor Elizabeth Mary Fellhoelter hitemanlaw@zoominternet.net, cg71065@aol.com

    Carl G. Hiteman     on behalf of Debtor Melvin Joseph Fellhoelter hitemanlaw@zoominternet.net, cg71065@aol.com

    Keith Rucinski     efilings@ch13akron.com, krucinski@ecf.epiqsystems.com

    TOTAL: 3

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re: *MELVIN FELLHOELTER* ) Chapter 13 Case No.: 16-51395
)
*ELIZABETH FELLHOELTER* ) Judge Alan M. Koschik
)
Debtor(s). ) [X] Original Chapter 13 Plan
) [ ] ( number) Amended Chapter 13 Plan**
) [ ] See Paragraph Thirteen for Special Provisions

*************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

** Reason Plan is Being Amended

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $ *3,111.00* per month, payable in
☐ monthly ☐ semi-monthly ☐ bi-weekly ☐ weekly installments of $_____ each,

_____ The Debtor is employed by (name and address of employer) and shall make payment by payroll deduction.

_____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

_✓_ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

**TAX REFUNDS**

The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Tax Refunds are in addition to the monthly plan payment and the Trustee is authorized to adjust the unsecured dividend based on the turnover of any future tax refunds.

### TEMPORARY SUSPENTION OF PLAN PAYMENTS

Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan. The Debtor(s) agree that should a pay suspension be approved, the suspended payments shall be added to the end of the plan and must be made in order for the Debtor(s) to earn a discharge. The Debtor(s) may extend the duration of their plan in order to make up the suspended payments. Creditors entitled to interest shall their interest continue to accrue during any suspension period. Debtor(s) shall not suspend their plan payments to a level which prohibits conduit mortgage payments from being paid.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor(s) has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| PENNYMAC LOAN SERV. HOME IS COLLATERAL | | P.O. Box 514387 Los Angeles, CA 90051 | $1,796.00 |
| | | | |
| | | | |

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) conduit mortgage payments on the debtor(s)'s residence; (iii) conduit mortgage payments on real property other than the debtor(s)'s residence; (iv) attorney fees as allowed under applicable rules and guidelines; (v) monthly payments as provided for in Paragraphs 4, 5 and 6; (vi) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vii) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (viii) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4. **CLAIMS SECURED BY REAL PROPERTY**

   A. **Conduit Mortgage Payments to be Paid Through the Chapter 13 Plan**

   **The Debtor(s)'s Residence**

| Creditor | Property Address | Monthly Payment |
|---|---|---|
| PENNYMAC | 930 SHOREWOOD MEDINA, OHIO | $1,796.00 |

_____  _____  $_____

Other real properties with mortgage payments to be conduit through the plan:

| Creditor | Property Address | Monthly Payment |
|---|---|---|
| N/A | _____ | $_____ |
| _____ | _____ | $_____ |

Conduit payments shall begin for the month which the case was filed,. During the plan, conduit payments are subject to changes due to escrow, interest and other adjustments. Unless real estate taxes and insurance are included in the mortgage payments paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. The creditor should file with the Court any changes in the mortgage payment. If the mortgage payment is increased and it causes feasibility issues, the Trustee will file a motion to increase the Debtor's payments to maintain feasibility of the plan. The Trustee shall not commence monthly mortgage payments until the creditor files its Proof of Claim and the Plan is confirmed.

The mortgage creditor, or any of its successor or services, shall accept the Trustee's payment as being timely made. However, debtor bears ultimate responsibility of making the monthly Chapter 13 payment timely in order for the Trustee to make the mortgage payment.. Accordingly the,debtor(s) shall ensure that the Trustee receives the payment no later than the 20th of each month so that the mortgage payment can be made. The Trustee shall not bear responsibility to the creditor should the debtor fail to make the Chapter 13 plan payment timely.

B. **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments or pro rata (whichever is stated below).

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

C. **Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| STATE OF OHIO | 930 SHOREWOOD MEDINA, OH | $32,463.00 | 0 | PRO-RATA |

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   A. **Secured Claims to be Paid Through the Plan:**

   Trustee shall pay the following claims in equal monthly payments.

   | Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
   |---|---|---|---|---|
   |  |  |  |  |  |

   Note: If no dollar amount is stated under the monthly payment amount in paragraph five, the Trustee is authorized to pay the claims pro rata based on funds available.

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

   | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
   |---|---|---|
   | $47,563.00 | 0 | PRO-RATA |

7. **DOMESTIC SUPPORT OBLIGATIONS**

   Debtor ☐ does  ☒ does not   have domestic support obligations pursuant to 11 U.S.C. §101(14A).

   If the Debtor does have domestic support obligations:
   The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

   | Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
   |---|---|---|
   |  |  |  |

   Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

   | Creditor Name | Creditor Address | Estimated Arrearage Claim |
   |---|---|---|
   |  |  |  |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| | |

## 9. GENERAL UNSECURED CLAIMS

All timely filed pre-petition undisputed non priority unsecured creditors shall receive a ( **1%** ) dividend or share in funds totaling $(amount) whichever is greater.

The Trustee is authorized to adjust the percentage dividend or dollar amount if funds other than the scheduled plan payments are received by the Trustee, unless the Court has ordered the funds distributed to secured or priority creditors. This can include, but is not limited to, the turnover of tax refunds, property sales, inheritance, or bonuses while the Chapter 13 plan is pending.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if any unsecured creditor returns funds to the Trustee for any reason. The returned funds will be distributed to the remaining unsecured creditors.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if all unsecured creditors have not filed claims by the claims bar date, and the failure of these creditors to file claims will cause the plan to complete before the Debtor(s)'s respective applicable commitment period.

Unless the Court orders otherwise, the Trustee is authorized to adjust the percentage dividend or dollar amount to that the Debtor(s) plan extends for the Debtor(s)'s full applicable commitment period.

THE TRUSTEE IS NOT AUTHORIZED TO INCREASE PLAN PAYMENTS UNLESS THE TRUSTEE HAS FILED A MOTION PUTTING THE DEBTOR AND DEBTOR'S COUNSEL ON NOTICE AND THE COURT APPROVES THE MOTION.

## 10. PROPERTY TO BE SURRENDERED

Debtor(s) will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| ALLY<br>P.O. BOX 380902<br>IRVING, TX 75016 | 2014 CHEVY SILVERADO |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor(s) to the creditor:

| Creditor | Property Description |
|---|---|
| | |

## 12. POST-PETITION CLAIMS

The plan shall allow for the payment of all or a part of a post-petition claim allowed under 11 U.S.C. Sec. 1305.

## 13. SPECIAL PROVISIONS

_____ _____
Debtor's Signature – Name typed below  Debtor's Signature – Name typed below
MELVIN FELHOELTER   ELIZABETH FELLHOELTER

Attorney Signature _Carl M. Hiteman_
Name _CARL G. HITEMAN_
Ohio Registration No. _0031327_
Address _226 N. BROADWAY, MEDINA OHIO_
Phone _330 723-2000_
Fax _____
hiteman law @ zoom internet.net